UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**CHARLES MICHAEL THOMAS, JR.**                                              **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 4:19-CV-P13-JHM**

**AMY BRADY**                                                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I. SUMMARY OF COMPLAINT

Plaintiff Charles Michael Thomas, Jr., is a federal pretrial detainee incarcerated at the Henderson County Detention Center (HCDC). He sues HCDC Jailer Amy Brady in her official capacity.

Plaintiff first alleges that his rights are being violated because federal pretrial detainees like himself are housed with "state and county inmates."

Plaintiff next alleges that HCDC is overcrowded. He claims that his cell is designed for ten men but that 15 to 16 inmates are housed there. He states that this causes himself and five other people to sleep on the floor with paper thin mattresses. He also claims that the cell has only one toilet, "which is on a 15 min timer locking after two flushes, feces are being left in the toilet for periods of time from multiple inmates which causing harmful bacteria . . . and that starts becoming unsanitary." Plaintiff further alleges that the one shower in their cell has "black

mold all inside of it . . . . They have sent trustees to paint over it an says its been treated and its still there . . . has caused myself to break out due to the unsanitary inhumane living conditions."

Plaintiff also states that the diet served to inmates at HCDC fails to meet certain dietary standards, including the recommendation that inmates receive two pieces of fruit daily.

Finally, Plaintiff claims that inmates are not always permitted to have one hour of recreation per day and that sometimes they are forced to have recreation outside in cold weather "with no coats or sweaters."

Plaintiff also makes allegations regarding the medical care inmates at HCDC receive, but none of the allegations are specific to Plaintiff.

As relief for these alleged violations of his constitutional rights, Plaintiff seeks compensatory damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

While the Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment, it is the Due Process Clause of the Fourteenth Amendment that provides the same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016)). "The Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id*. (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).[1]

"[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). "Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

### A. OVERCROWDING

The Sixth Circuit has held that "overcrowding is not, in itself, a constitutional violation." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012). Rather, to allege extreme deprivation to support a viable prison-overcrowding claim, an inmate must allege that

---

[1] At this time, the only explicit exception in the Sixth Circuit to the general rule that rights under the Eighth Amendment are co-extensive with rights under the Fourteenth Amendment pertains to excessive-force claims brought by pretrial detainees. *Id*. at 938 n.3 (recognizing that *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), abrogated the subjective intent requirement for Fourteenth Amendment excessive-force claims and that the standard which governs pretrial detainee claims may be shifting, but declining to apply the *Kingsley* standard to a pretrial detainee claim of deliberate indifference to a serious medical need). Therefore, the Court will analyze Plaintiff's claims under the Eighth Amendment standard.

the overcrowding results in "deprivations denying 'the minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citation omitted). "[I]f the overcrowding results in the denial of a basic human need, such as food, shelter, or warmth, that would be a constitutional wrong." *Starnes v. Green Cty. Sheriff's Dep't*, No. 2:08-cv-244, 2010 U.S. Dist. LEXIS 52139, at *12 (E.D. Tenn. May 26, 2010) (citing *Wilson*, 501 U.S. at 298). Mere exposure to unsanitary conditions does not state a claim for damages unless harm actually occurs. *Brown v. Timmerman-Cooper*, No. 2:10-cv-283, 2013 U.S. Dist. LEXIS 14777, at *7 (S.D. Ohio Feb. 4, 2013), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 47960 (S.D. Ohio Apr. 2, 2013). Absent "'a severe or prolonged lack of sanitation constituting an infliction of pain within the meaning of the Eighth Amendment,'" an inmate has no claim for damages based upon unsanitary living conditions. *Id*. (citation omitted).

In light of this jurisprudence, it is clear that Plaintiff's allegations regarding the unsanitary conditions of his cell fail to state a claim of constitutional dimensions. *See also Agramonte v. Shartle*, 491 F. App'x at 559-60 (finding allegations that the number of toilets, showers, and wash basins had not increased with the increased population, and that there were lines to use the bathrooms and showers failed to state an overcrowding claim because plaintiff failed to allege an unconstitutional denial of basic needs); *Sander v. Duchak*, No. 3:18-cv-102, 2018 U.S. Dist. LEXIS 157706, at *12 (S.D. Ohio Sept. 17, 2018) (finding allegation that overcrowding at jail caused unsafe and dangerous environment "to the point that there are numorous [sic] physical altercations, assaults, and rapid acts of violence" failed state to an Eighth Amendment claim because the plaintiff did not allege "that any of the potential dangers he identified actually caused him any harm") (citing *Halliburton v. Sunquist*, 59 F. App'x 781, 782 (6th Cir. 2003)).

Moreover, although Plaintiff alleges that the unsanitary conditions in his cell caused him to "break out," several courts have held that minor skin rashes are not considered to be a serious enough harm to give rise to an Eighth Amendment claim. *See, e.g.*, *Reitmeyer v. Monroe*, No. 1:19-cv-25, 2019 U.S. Dist. LEXIS 22427, at *6 (W.D. Mich. Feb. 12, 2019) (dismissing Eighth Amendment claim based on allegations of exposure to black mold and foot fungus in the shower because the possibility of a resulting rash was not sufficiently serious to support a constitutional claim); *Brown v. Pierce*, No. 05-1322, 2008 U.S. Dist. LEXIS 19014, at *12 (C.D. Ill. Mar. 4, 2008) (holding that a rash "is a *de minimis* injury that does not rise to the level of a constitutional violation") (citing *Mase v. Henry Cty. Jail*, No. 7:06CV00627, 2006 U.S. Dist. LEXIS 78494, at *4 (W.D. Va. Oct. 27, 2006) (stating that, even if the plaintiff "suffered from a rash, such minor skin conditions do not rise to the level of a 'serious or significant' physical injury") (citation omitted); *see also Dolberry v. Levine*, 567 F. Supp. 2d 413, 417 (W.D.N.Y 2008) (characterizing a claim concerning an inmate's rash, allegedly due to the lack of showers, as a "*de minimis* injury that does not give rise" to an Eighth Amendment violation).

Plaintiff also alleges that the overcrowding at the HCDC has resulted in him being forced to sleep on a thin mattress on the floor. This allegation does not state a constitutional claim because a prisoner has no right to sleep on an elevated bed. *See Sanders v. Kingston*, 53 F. App'x 781, 783 (7th Cir. 2002) ("We know of no case holding that the Eighth Amendment requires elevated beds for prisoners, and [plaintiff] does not cite one."); *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986) ("[The plaintiff] has cited no case holding that the Constitution requires elevated beds for prisoners, and we know of no source for such a right."); *Graves v. Boyd*, No. 5:16-CV-P51-TBR, 2016 U.S. Dist. LEXIS 107343 (W.D. Ky. Aug. 15, 2016) (holding that "a prisoner has no constitutional right to sleep on an elevated bed").

Thus, the Court will dismiss Plaintiff's claims based upon overcrowding for failure to state a claim upon which relief may be granted.

**B. DIET**

Plaintiff next claims that the diet served to inmates at HCDC is deficient because they do not receive two pieces of fruit each day. Under the Eighth Amendment, prisoners must be provided meals nutritionally sufficient to sustain their normal health. *Cunningham v. Jones*, 567 F.2d 653, 660 (6th Cir. 1977); *Curry v. Bobby*, No. 4:09-cv-614, 2010 U.S. Dist. LEXIS 28290, at *14 (N.D. Ohio Mar. 25, 2010); *see also Montague v. Schofield*, No. 2:14-cv-292, 2015 U.S. Dist. LEXIS 53208, at *34 (E.D. Tenn. Apr. 22, 2015) ("Absent contentions such [as lost weight or other adverse effects], there is nothing factual from which the Court can reasonably infer that the food plaintiff is being served falls below the constitutional nutritional floor."); *cf. Rust v. Grammer*, 858 F.2d 411, 414 (8th Cir. 1988) (holding that a diet consisting only of sandwiches and water, with no fruits and vegetables, might violate the Eighth Amendment "if it were the regular prison diet").

Here, Plaintiff does not allege that his health has suffered as a result of the diet served to him at HCDC or that the meals he received were inadequate to sustain his health. Thus, the Court will dismiss Plaintiff's claims based upon his diet for failure to state a claim upon which relief may be granted.

**C. RECREATION**

The Court next to turns to Plaintiff's allegations that HCDC inmates are not always permitted to have one hour of recreation per day and that they are sometimes forced to have recreation outside in cold weather "with no coats or sweaters." The Sixth Circuit has made clear that it "has never set a minimum amount of time a prisoner must have access to outdoor

recreation." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003). Nevertheless, the Sixth Circuit has acknowledged that "a total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees. Inmates require regular exercise to maintain reasonably good physical and psychological health." *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995) (quoting *Patterson v. Mintzes*, 717 F.2d 284 (6th Cir. 1983)).

Here, the Court finds that Plaintiff's allegations with regard to exercise are too conclusory to state a plausible claim for relief. *Twombly*, 550 U.S. at 555. The lack of detail in the allegations prevents the Court from finding that any alleged restrictions on Plaintiff's ability to exercise violate the standards set forth above. Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### D. HOUSING WITH OTHER INMATES

Plaintiff also claims that federal pretrial detainees should not be housed with "state and county inmates." However, an inmate does not enjoy a federal constitutional right to be housed in any particular facility or a particular part of the facility. *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam) (rejecting claim that an inmate had a liberty interest in being transferred from a county facility to a state facility with less severe rules); *Galloway v. Henderson Cty.*, No. 4:16CV-P156-JHM, 2017 U.S. Dist. LEXIS 79330, at *8 (W.D. Ky. May 24, 2017) (holding no cognizable § 1983 claim based upon housing of federal, state, and county inmates together). Thus, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date: April 29, 2019

*Joseph H. McKinley*

Joseph H. McKinley Jr., District Judge
United States District Court

cc: Plaintiff, *pro se*
Defendant
Henderson County Attorney
4414.011